Flores-Shambi v. Blanche

BIA
DeCure, IJ
A220 999 293/294/295/296

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

ANGEL STALIN FLORES-SHAMBI,
BLANCA LETICIA GUAMAN-VARGAS,
K.A.F., J.A.F.,
> *Petitioners,*

> v.                                                            **24-132**
>                                                               **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,

*Respondent.\**

_____

**FOR PETITIONERS:**          Bruno J. Bembi, Hempstead, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant
                             Attorney General; Edward E. Wiggers, Senior
                             Litigation Counsel; A. Ashley Arthur, Trial
                             Attorney, Office of Immigration Litigation,
                             United States Department of Justice,
                             Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Angel Stalin Flores-Shambi, his wife Blanca Leticia Guaman-Vargas, and their two minor children, natives and citizens of Ecuador, seek review of a December 14, 2023, decision of the BIA that affirmed a February 24, 2023, decision of an Immigration Judge ("IJ") denying Flores-Shambi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Angel Stalin Flores-Shambi, et al.*, Nos. A 220 999 293/294/295/296 (B.I.A. Dec. 14, 2023), *aff'g* Nos. A 220 999 293/294/295/296 (Immigr. Ct. N.Y.C. Feb. 24, 2023). We assume the parties' familiarity with the underlying facts and

---

\* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA and reach only the grounds on which the BIA relied. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings . . . under the substantial evidence standard," and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, Flores-Shambi had to show that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [him]." 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) ("one central reason" standard applies to both asylum and withholding of removal). Where, as here, an applicant seeks relief based on membership in a particular social group, he must show both that the group is cognizable and a nexus between his membership in that group and the harm suffered or feared. *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). We find no error in the agency's

3

cognizability determination, and substantial evidence supports the adverse nexus finding. *Id.* (reviewing cognizability of group de novo); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282–83 (2d Cir. 2006) (reviewing nexus determination for substantial evidence).

We agree that Flores-Shambi's proposed particular social group of "informants" was not cognizable because it was not defined with sufficient particularity. A group is cognizable if it is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka*, 762 F.3d at 196 (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). As to particularity, "the social group in question must be defined by characteristics that provide a clear benchmark for determining who falls within the group," and "[t]he group must . . . be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." *Id.* (quotation marks omitted). Flores-Shambi's formulation of this group—that he is an informant because he alerted his neighbor to attempted cattle theft—was overbroad, as he never contacted or cooperated with any Ecuadorian authorities. Under this definition, the term "informant" could refer to anyone who has ever alerted another person in a community about a criminal act. Flores-Shambi's contention that the BIA

4

misapplied precedent that "informants" are a cognizable social group is unavailing, as those cases involved individuals who affirmatively cooperated with law enforcement in a public manner. *See Gashi v. Holder*, 702 F.3d 130, 136–38 (2d Cir. 2012) (finding cognizable a social group of witnesses to a specific set of war crimes where the names of witnesses cooperating with U.N. investigations were on a public list); *Matter of H-L-S-A-*, 28 I. & N. Dec. 228, 237 (B.I.A. 2021) (holding that "cooperation with law enforcement" may render a group cognizable "if the cooperation is public in nature, particularly where testimony was given in public court proceedings, and the evidence in the record reflects that the society in question recognizes and provides protection for such cooperation"). His argument that the thieves perceived him as an informant is insufficient to render the group cognizable, as a "persecutor's perception alone is not enough to establish a cognizable social group." *Paloka*, 762 F.3d at 196.

As to his second proposed particular social group of indigenous people in Ecuador, substantial evidence supports the agency's determination that he was not harmed on this basis. "Whether the requisite nexus exists depends on the views and motives of the persecutor." *Id.* at 196–97 (quotation marks omitted). An applicant "must provide *some* evidence . . . direct or circumstantial" to establish motive. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Nothing in the record

5

supports an inference that the cattle thieves were motivated by Flores-Shambi's indigenous identity, other than his own insistence that police were slow to respond to his indigenous community and would have responded faster if it were a white community. Instead, the record reveals that the thieves were motivated to steal simply to get money, that they said nothing about his indigenous identity either during the attempted theft or their later attack, and that they attacked Flores-Shambi in retribution for thwarting their attempted theft, not because of his indigenous identity. *See Quituizaca*, 52 F.4th at 115 (affirming BIA's determination that "the evidence established the greater probability that the gang was motivated to harm [petitioner] based on incentives presented to ordinary criminals rather than persecution" (citation modified)). While he now argues that the thieves knew to target that area because it was an indigenous community where police response was slow, this does not establish the requisite nexus because it shows the gang picked an easy target, not why they returned to attack Flores-Shambi. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (holding that harm resulting from "general crime conditions" in a country does not establish persecution on account of a protected ground); *Matter of Acosta*, 19 I. & N. Dec. 211, 211-12 (B.I.A. 1985) (defining persecution as "harm or suffering that is inflicted upon an individual in order to punish him for possessing a belief or

6

characteristic a persecutor seeks to overcome").

The nexus and cognizability findings are dispositive of asylum and withholding of removal. *See Paloka*, 762 F.3d at 195–97.

Flores-Shambi has abandoned his CAT claim because he does not address the BIA's determination that he waived that claim on appeal, and our "review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015); *see also Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Moreover, even absent waiver, any challenges to the denial of CAT relief are unexhausted and not sufficiently argued because his brief here is nearly identical to his brief to the BIA and mentions CAT relief in only a conclusory manner.[†] *See Vera Punin v.*

---

[†] Flores-Shambi's brief does not comply with Federal Rule of Appellate Procedure 28, and he submitted a substantially similar brief before the BIA. A brief that "simply repeats, word for word, [the] brief to the BIA" is "an inadequate submission" that is "grounds not only for rejection of the brief but for formal reprimand or other sanction." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). Moreover, the brief challenges portions of the IJ's decision not before us, abandons the CAT claim, and does not adequately support the arguments raised. *See* Fed. R. App. P. 28(a)(8)(A). Counsel Bruno Bembi is cautioned that future briefing deficiencies may result in dismissal without consideration of the merits and may result in disciplinary proceedings.

*Garland*, 108 F.4th 114, 124 (2d Cir. 2004) (precluding consideration of claims not raised before the BIA); *Yueqing Zhang v. Gonzalez*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming claim abandoned where brief "devote[d] only a single conclusory sentence to" it).

Finally, Flores-Shambi misunderstands the BIA's refusal to consider his argument that his family would be targeted based on their familial relationship with him, and that a nuclear family constitutes a cognizable particular social group. His wife and children proceeded as derivative beneficiaries of his application and did not submit their own applications; thus, they could only obtain asylum through Flores-Shambi based on persecution he had suffered or would suffer. *See* 8 U.S.C. § 1158(b)(3)(A) (providing that a spouse or child of an applicant who is granted asylum may, "if not otherwise eligible for asylum under this section, be granted the same status as the [applicant] if accompanying, or following to join, such [applicant]"); 8 C.F.R. § 1208.21; *In re A-K-*, 24 I. & N. Dec. 275, 278–79 (B.I.A. 2007) (explaining that, to derive asylum, "the principal applicant must first establish entitlement to asylum in his own right, following which the spouse or child of the principal applicant may then be afforded asylum

8

status through him," and noting that "[a]utomatically treating harm to a family member as being persecution to others within the family is inconsistent with the derivative asylum provisions").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court